# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EILEEN CABALLERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1336-M |
| | ) | |
| SAFECO INSURANCE COMPANY | ) | |
| OF AMERICA, INC. and | ) | |
| INSURANCE SOLUTIONS BY IRWIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff's Motion to Remand, filed December 22, 2014. On January 8, 2015, defendant Irwin Independent Insurance Agency, Inc., d/b/a Insurance Solutions ("Insurance Solutions") filed its response, and on January 12, 2015, defendant Safeco Insurance Company of America, Inc. ("Safeco") filed its response. On January 14, 2015, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

The instant action arises out of a claim plaintiff made under her insurance policy for alleged damage to her property caused by a tornado on May 20, 2013. On May 20, 2014, plaintiff filed this action in the District Court of Cleveland County, State of Oklahoma, alleging claims against Safeco for breach of contract, bad faith, negligence in the procurement of insurance, constructive fraud and negligent misrepresentation, negligence, and breach of fiduciary duty and claims against Insurance Solutions, an agent for Safeco, for negligence in the procurement of insurance, constructive fraud and negligent misrepresentation, negligence, and breach of fiduciary duty.[1]

---

[1]On December 22, 2014, plaintiff filed a First Amended Complaint. Plaintiff does not assert claims for negligence or breach of fiduciary duty in her First Amended Complaint.

On December 3, 2014, Safeco removed this action to this Court, asserting that this Court has diversity jurisdiction because Insurance Solutions has been fraudulently joined in this case in order to defeat federal diversity jurisdiction. Plaintiff contends that Insurance Solutions is not fraudulently joined and, therefore, complete diversity of the parties does not exist. Plaintiff, thus, moves this Court to remand this action to state court.

Removal statutes are strictly construed and all doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). When a non-diverse party has been joined as a defendant, then in the absence of a federal question, the removing defendant may avoid remand only by demonstrating fraudulent joinder. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). The party asserting fraudulent joinder carries a heavy burden in making this showing. *Batoff*, 977 F.2d at 851; *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (unpublished opinion).

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff*, 977 F.2d at 851 (internal quotations and citations omitted). If there is even a possibility that a state court would find the complaint states a cause of action against the non-diverse defendant, the federal court must find joinder was proper and remand the case to state court. *Batoff*, 977 F.2d at 851; *Montano*, 2000 WL 525592, at *1. In determining fraudulent joinder claims, the court must resolve all disputed questions of fact and any uncertainties as to the current state of controlling substantive law in favor of the non-removing party. *Batoff*, 977 F.2d at 852; *Montano*, 2000 WL 525592, at *1.

In the instant action, plaintiff alleges a claim against Insurance Solutions for negligence in the procurement of insurance. Generally, under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Co.*, 979 P.2d 266, 269 (Okla. Civ. App. 2009) (citations omitted).

In her Petition, plaintiff alleges that through the fault of Insurance Solutions, the insurance requested by plaintiff was not procured as promised and plaintiff suffered a loss. *See* Petition at ¶ 33. Additionally, plaintiff alleges:

> Defendant Insurance Solutions breached its duty owed to Plaintiff by:
> a. Representing to Plaintiff that the replacement cost policy she was being sold would serve to replace her home and personal property without any deduction for depreciation knowing such a statement was untrue;
> b. Failing to disclose to Plaintiff at the time Insurance Solutions sold her her policy that the only way she could actually recover the replacement costs benefits was to first use a portion of her own money to replace the property first. And if she could not do so, she would never receive the replacement cost benefits she had paid extra for;
> c. Procuring an insurance policy which did not actually serve to return her home and personal property to its pre-loss condition each were severely damaged by a covered loss;
> d. Procuring a policy which did not accurately reflect the replacement cost of Plaintiffs' dwelling.

Petition at ¶ 34.[2]

Having carefully reviewed the parties' submissions and the Petition, the Court finds that there is a possibility that an Oklahoma court would find plaintiff's Petition states a cause of action for negligence in the procurement of insurance against Insurance Solutions. Specifically, the Court

---

[2]Plaintiff's allegations in her First Amended Complaint are substantially similarly to those made in her Petition.

finds that there is a reasonable basis in fact and a colorable ground supporting plaintiff's negligence in the procurement of insurance claim against Insurance Solutions. Because this Court must resolve all disputed questions of fact in favor of plaintiff, the Court finds that there is a possibility that plaintiff could establish that Insurance Solutions agreed to procure specific insurance coverage and then failed to do so.

Insurance Solutions further contends there is fraudulent joinder because dismissal of plaintiff's claims against Insurance Solutions is mandatory because plaintiff failed to attach an affidavit of expert consultation as required by Okla. Stat. tit. 12, § 19.1. Having carefully reviewed the parties' submissions, the Court finds that there is a possibility that an Oklahoma court would find that plaintiff's claims should not be dismissed based upon § 19.1. Specifically, the Court finds that a court could find that no expert is necessary for plaintiff's claims and, therefore, no affidavit was required under § 19.1. A court could also find that § 19.1 does not apply to plaintiff's claims because it was enacted after plaintiff's claims arose. Further, in light of the Oklahoma Supreme Court's rulings on the prior version of § 19.1, the Court finds a court could find § 19.1 is unconstitutional as it violates the Oklahoma Constitution's prohibition against "special laws" and financial barriers on access to courts. *See Wall v. Marouk*, 302 P.3d 775 (Okla. 2013). Accordingly, the Court finds that Insurance Solutions has failed to show that there is no possibility that plaintiff's claims would not be dismissed for failure to attach an affidavit of expert consultation.

Accordingly, because this Court finds that there is a possibility that plaintiff could establish a negligence in the procurement of insurance claim against Insurance Solutions and that there is a possibility that this claim would not be dismissed for failure to attach an affidavit of expert consultation, the Court finds that Insurance Solutions is not fraudulently joined. Therefore, the

Court GRANTS plaintiff's Motion to Remand [docket no. 11] and REMANDS this action to the District Court of Cleveland County, State of Oklahoma.

**IT IS SO ORDERED this 14th day of April, 2015.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE